RECEIPT # 65348
AMOUNT $ 250
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. tom
DATE 07-5-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Randolph E. Waldron, Jr.

MAGISTRATE JUDGE Alexander

V.                                                                                          Civil Action No. _____

Northwest Airlines, Inc.                      **05 - 11402 MLW**
5101 Northwest Drive
St. Paul, MN 55111

## COMPLAINT

1. The Plaintiff is a resident of the City of Revere, Suffolk County, Massachusetts and a citizen of the United States.

2. The defendant Northwest Airlines, Inc. is a Minnesota Corporation.

### Jurisdiction

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

### Facts

4. The plaintiff began employment with Northwest Airlines, Inc. on March 10, 2000 as a Flight Attendant Trainee at the company's Minneapolis, MN Flight Attendant training center. On April 20, 2000, upon successful completion of Flight Attendant training the plaintiff was assigned to the Detroit, MI (DTW) Flight Attendant Base. The plaintiff transferred to the Boston, MA (BOS) Flight Attendant Base on July 1, 2000. During this period, the plaintiff successfully completed the required probationary period as a Flight Attendant and consistently received above-average performance reviews from immediate supervisors and colleagues. The plaintiff remained at the BOS Flight Attendant Base until layoff on January 4, 2003.

5. In August 2003, the company re-hired the plaintiff as the Lead Quality Service Assistant, ("QSA") at the Boston-Logan Airport Ground Operations Division. This supervisory position managed the day-to-day operations of five QSA's, international customer service processing and VIP customer service. As the Lead QSA, the plaintiff was directly responsible for facilitating timely and proper passenger processing for the sole international flight originating from the BOS station. The plaintiff performed his duties as required and received abundant praise from station management.

6. In December 2003, the plaintiff was promoted to the position of Manager, Inflight Services, Detroit Hub. The plaintiff accepted this promotion and began work under this title on January 4, 2004.

7. On January 5, 2004, the Plaintiff was subjected to racial discrimination, harassment and character defamation during a conversation with Robin Hadwick, Director of Hub Operations.

8. From January 5, 2004 until June 19, 2004 the plaintiff was subjected to a hostile work environment that included racial discrimination, character assassination, harassment and disparate treatment.

9. On March 1, 2004, the plaintiff was specifically assigned a workgroup of Flight Attendants which was unfairly balanced and included a disproportionate number of African-American employees. The plaintiff was instructed to actively pursue and participate in termination of specific, African-American employees and instructed by his immediate supervisor, Brenda Abercrombie, to "PD them out the door."

10. On April 12, 2004, the plaintiff was subjected to racial harassment and discrimination by his immediate supervisor, Brenda Abercrombie during a conversation in her office

11. On April 16, 2004, the plaintiff was directed to terminate an African-American employee by Brenda Abercrombie because she felt as though because of the plaintiff's ethnic background, the company could not be found guilty of termination without just cause or racial discrimination.

12. On April 26, 2004, the plaintiff was the recipient of an e-mail message that was discriminatory in nature. This e-mail was sent to the plaintiff and his colleagues and implied that the plaintiff's race created an operational difficulty. This e-mail message placed the plaintiff under an undue amount of stress and contributed to a hostile work environment.

13. On April 27, 2004, during a conversation with his immediate supervisor, the plaintiff was told that he had "no right" to feel discriminated against and that he needed to "grow up". When he again attempted to discuss the aforementioned e-mail, his supervisor stated that perhaps he was "too young for this job".

14. From April 27, 2004 until May 20, 2004, the plaintiff was the author or recipient of many e-mail messages from Brenda Abercrombie and Robin Hadwick in regards to racial discrimination, harassment and a hostile work environment. In most emails, the plaintiff is directed to take no action, remain silent and directed not to file either an internal or external EEO complaint.

15. On May 19, 2004, the plaintiff followed company procedure and filed an internal EEO complaint with his immediate supervisor. This complaint was never investigated and the plaintiff never received confirmation of receipt of his complaint.

16. On May 21, 2004, the plaintiff was summoned by his direct superior regarding sick time usage on May 9 and 10, 2004. During this conversation Ms. Abercrombie accused the plaintiff of lying, not seeing a doctor, and stated that she had investigated the plaintiff and found out that he had lied about his visit to the hospital. When the plaintiff provided his supervisor with documentation, she insisted that the hospital paperwork had been falsified for the plaintiff's doctor's visit on May 7, 2004. Ms. Abercrombie stated that the plaintiff had lied to her about his whereabouts during his sick days and that he had knowingly violated company policy.

17. Between April 28, 2004 and May 17, 2004, the plaintiff telephoned his Human Resources generalist, Greg Wilken in regards to his employment situation. Mr. Wilken never returned telephone calls, e-mails or attempted to assist with this situation.

18. On June 18, 2004, the plaintiff attempted to resign his position as Manager – Inflight Services and return to Flight Attendant Status on July 1, 2004.

19. On June 19, 2004, the plaintiff was subjected further hostile treatment during a conversation with his direct superiors. The plaintiff was informed by Robin Hadwick that "in lieu of termination we are returning you to furlough status." However, Mr. Hadwick could not provide the plaintiff for any grounds for termination.

20. On June 19, 2004, the plaintiff was returned to involuntary layoff status as a Flight Attendant and returned all required items to the company. The plaintiff surrendered his company ID, airport ID, cockpit key, company manuals, company-issued credit card, pass travel authorization card, expense reports, computer access ID's and passwords and all other company materials to his immediate supervisor, Brenda Abercrombie. She ensured the Plaintiff's expense reports would be submitted, airport ID's returned and the necessary computer access ID's revoked.

21. On June 20, 2004, the plaintiff was the recipient of a telephone call from a blocked telephone number from his immediate supervisor, Brenda Abercrombie. During this conversation Mrs. Abercrombie attacked the plaintiff and made threats to the plaintiff regarding his employment as a Flight Attendant.

22. On June 21, 2004, the plaintiff filed a complaint with the EEOC alleging a hostile work environment, racial discrimination, harassment and disparate treatment.

23. On June 26, 2004, the plaintiff received a letter from Robin Hadwick, that threatened future termination if company directives were not followed even though the company did not presently employ the plaintiff.

24. On June 25, 2004, the plaintiff was fined by the Wayne County Airport Authority, the issuing agency for the plaintiff's airport ID badge. The WCAA informed the plaintiff that his ID badge had not been returned or renewed. The plaintiff received this notification

        from the WCAA in July 2004. After a brief investigation initiated by the plaintiff, it was found that Brenda Abercrombie had never returned the plaintiff's ID badge.

25. On October 26, 2004, the plaintiff received a letter from Brenda Abercrombie that stated he was not to participate in his ongoing Federal EEO complaint as it was considered a violation of the company's code of conduct for participation in this particular investigation and grounds for just cause termination. In an effort not to jeopardize his future employment relationship with the company, the plaintiff discontinued all communication with the Federal EEOC.

26. From July 2004 until the present time, the plaintiff has suffered from post-traumatic stress syndrome and a generalized anxiety disorder. These medical conditions were created and exacerbated by the harassment, disparate treatment, and hostile work environment created by the plaintiff's superiors.

27. On December 15, 2004, the plaintiff returned from layoff status to flight attendant status. The Plaintiff was based in Minneapolis, MN.

28. On December 23, 2004, the plaintiff was a Flight Attendant onboard Northwest Airlines flight 1223 from Minneapolis to Washington, D.C.. During this flight, the plaintiff was subjected to a hostile work environment, racial harassment, and discrimination by Greg Wilken, the human resources generalist involved in the plaintiff's EEOC complaint and closely connected with the plaintiff's former supervisors.

29. From December 23, 2004 through to the present time, the plaintiff has been subjected to a hostile work environment as a Flight Attendant due to previous written and verbal statements made by Robin Hadwick, Brenda Abercrombie, and Greg Wilken. The plaintiff is still subject to disparate treatment by the company.

30. In April 2005, the plaintiff sought medical attention for anxiety, depression, sleep depravation, sleep disorders and post-traumatic stress disorder. These medical conditions were created by prolonged exposure to a hostile work environment and continuous harassment by the aforementioned members of Northwest Airlines management.

31. On April 6, 2005, the Federal EEOC dismissed the plaintiff's charge of complaint against Northwest Airlines. The plaintiff discontinued communication with the EEOC and did not provide them with further documentation due to the threatening statements, both written and verbal, made to the plaintiff by Brenda Abercrombie and Greg Wilken.

31. In May 2005, due to the plaintiff's medical status, he was deemed a viable candidate for a medical hardship transfer to the Boston Flight Attendant Base. The plaintiff was awarded this transfer on June 1, 2005 in order to continue regular treatment with two medical professionals. The plaintiff's psychic injuries were created by the discrimination and hostile work environment surrounding his employment with Northwest Airlines, Inc.

32. The Plaintiff is seeking relief for medical expenses incurred to treat the medical conditions created by the plaintiff's hostile work environment, racial discrimination, disparate treatment, continuous harassment, lost wages, future lost wages, and compensatory damages in the amount of $1,500,000.

33. The plaintiff demands a trial by jury.

_____
Randolph E. Waldron, Jr.
88 Glendale Street
Revere, MA 02151

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
RANDOLPH E. WALDRON JR.
49 GLENDALE ST. REVERE MA

**DEFENDANTS**
NORTHWEST AIRLINES, INC.
5101 NORTHWEST DRIVE
ST. PAUL MN 55111

(b) County of Residence of First Listed Plaintiff: SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PRO SE

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury—Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [X] 442 Employment | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General Habeas Corpus | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **FEDERAL TAX SUITS** | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 740 Railway Labor Act | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 555 Prison Condition | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD  PRO SE

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **WALDRON V. NORTHWEST AIRLINES**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   __  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                              YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                              YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                              YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                              YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                              YES ☐    NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (if yes, submit a separate sheet identifying the motions)
                                              YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **RANDOLPH E. WALDRON, JR.**
ADDRESS  **88 GLENDALE ST. REVERE, MA 02151**
TELEPHONE NO.  **781-864-9697**

(CategoryForm.wpd -5/2/05)